IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EVERETT COLE,**

    **Plaintiff,**

v.      CIV No. 02-0234 LH/WDS

**BUNZL DISTRIBUTION USA, INC., and
BUNZL DISTRIBUTION SOUTHWEST,
LIMITED PARTNERSHIP,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment (Docket No. 19). The Court, having considered the briefs and applicable case law as well as arguments of counsel at the July 30, 2003 hearing, concludes that the motion shall be **granted in part and denied in part.**

The Court notes that Plaintiff's counsel, at the hearing, stated that this is a discrimination case under Title VII, and that he did not intend to pursue claims, mentioned in the complaint, for breach of contract and prima facie tort. Accordingly, Plaintiff's claims for breach of contract and prima facie tort are hereby dismissed. Furthermore, Plaintiff's counsel indicated at the hearing that he did not intend to pursue any claims for disparate impact, retaliation, or pattern and practice discrimination. To the extent that these three types of claims have been raised by Plaintiff, they too are dismissed.

Insofar as Plaintiff's discriminatory discharge claim is concerned, the Court concludes that

1

Plaintiff has met his burden to establish a prima facie case of discrimination by a preponderance of the evidence. *See Kendrick v. Penske Transp. Svc.*, *Inc.,* 220 F.3d 1220 (10th Cir. 2000). The element most controverted by the parties is whether or not Plaintiff has shown that he was qualified for his job. In part, the Court bases its conclusion that Plaintiff has met this burden, given the evidence that Plaintiff had worked for Defendants for approximately 33 months. *See MacDonald v. Eastern Wyo. Mental Health Ctr.,* 941 F.2d 1115, 1121 (10th Cir. 1991)("[A] plaintiff may make out a prima facie case of discrimination in a discharge case . . . by evidence that she had held her position for a significant period of time.") The Court concludes that Plaintiff has met his burden that he was minimally qualified for the position he held, despite disputes raised by Defendants, including evidence that Plaintiff had lied on his job application. *See Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1316 n.11 (10th Cir. 1999).

Next, the Court concludes that Defendant has offered a legitimate, nondiscriminatory reason for Plaintiff's discharge, i.e., insubordination, including the use of unprofessional language.

Finally, the Court must address the issue of whether Defendants' proffered reason for Plaintiff's discharge is pretextual. To establish pretext, a plaintiff must show either that "a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). A plaintiff may establish this by demonstrating " 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence . . . ..' " *Morgan v. Hilti, Inc*., 108 F.3d 1319, 1323 (10th Cir. 1997)(*citations omitted*).

As noted at the hearing, the Court concludes that there is a question of fact as to whether or

not Defendants' stated reasons for Plaintiff's discharge were pretextual.  Accordingly, the Court concludes that Defendants' motion for summary judgment, on Plaintiff's claim of discriminatory discharge is denied.

Furthermore, as addressed at the hearing, Defendants' motion is granted on Plaintiff's claim that he was discriminated against, based on the salary he received.  Accordingly, to the extent that Plaintiff claims disparate treatment regarding the salary he received, as contained in his Charge of Discrimination, such a claim is dismissed.  Similarly, for the reasons stated at the hearing, Plaintiff's claim that he was discriminated against as far as employment benefits were concerned, is dismissed.

**WHEREFORE**, for the reasons stated on the record at the July 30, 2003 hearing, and in this Memorandum Opinion and Order, Defendants' Motion for Summary Judgment (Docket No. 19) is granted in part and denied in part, and **all claims except Plaintiff's claims for discriminatory discharge under Title VII are hereby dismissed.**

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**